THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FIDEL
CARRIÓN ROQUE, Defendant and Appellant.

No. CR-69-13.     Decided October 30, 1970.

*Raúl Torres González* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

Mr. Justice Torres Rigual delivered the opinion of the Court.

The fundamental question in this case consists in whether or not there was just cause to delay the holding of the trial for about eleven months. As it is known, Rule 64 (n) (4) of the Rules of Criminal Procedure establishes a term of 120 days after the filing of the information to submit a defendant to trial unless just cause is shown for the delay or unless the delay is due to defendant's motion or his consent. The burden of establishing just cause falls upon the prosecuting attorney, *People v. Herrera,* 67 P.R.R. 24 (1947), mere allegations, generalities or conclusions not being sufficient to satisfy it. *Pennington v. District Court,* 60 P.R.R. 254 (1942); *People v. Pérez,* 36 P.R.R. 769 (1927).

The absence of a material witness for the prosecution has been recognized by the case law as a just cause for the delay in the holding of the trial. *People v. Pérez,* 83 P.R.R. 357 (1961); *Pennington v. District Court, supra; Dyer v. Rossy,* 23 P.R.R. 718 (1916). It is necessary, however, that a really material witness be involved, that the prosecuting attorney has been diligent in obtaining the appearance of the witness and that the witness can be had at the time to which the trial is deferred. *People v. Pérez, supra; Pennington v. District Court, supra; Dyer v. Rossy, supra.*

In the instant case the prosecuting attorney alleged precisely as just cause the absence of a material witness for the prosecution. In the light of the aforementioned principles we should determine whether or not the trial court erred in delaying the holding of the trial for almost eleven months.

The facts relevant to the question are the following:

■ The information was filed on June 20, 1965. The same having been read, the case was object of several settings for trial during the years 1965 and 1966, which were postponed, sometimes at the request of the prosecuting attorney with defendant's consent, on others, at the request of the defendant or on his own account.[1] We shall not stop to consider these continuances. The delay caused by them was justified by defendant's consent thereto or by his request. Thus the defendant waived affirmatively his right to a speedy trial during the time of said delay. *People* v. *Cepeda*, 31 P.R.R. 465 (1923). He did not waive for that reason, however, his right to be tried later on within a reasonable time. *Jiménez Román* v. *Superior Court*, 98 P.R.R. 855 (1970); *Morales* v. *District Court*, 55 P.R.R. 853 (1940).

It is after the continuances granted by the trial court subsequent to *May 3, 1967* that we should consider the alleged just cause. The prosecuting attorney requested by a written motion the continuance of the hearing set for that date relying, as we said before, in the absence of the principal witness for the prosecution. He alleged in said motion that this witness had not appeared on the previous setting of the hearing of January 12, 1967, for which reason the hearing of the case had been postponed and the arrest of said witness ordered; that he had been diligent in the search of said witness and that the same was really material and he expected to find him within a few weeks.

The trial court postponed the hearing with appellant's opposition setting it again for August 9, 1967, setting which could not be held because the court was busy in the hearing of other cases. Appellant insisted in the dismissal of the information because the term of 120 days had elapsed. The court reset the case for the next November 1st. The prosecuting

---

[1] The trial was set for and postponed on September 29, 1965; November 18, 1965; January 25, 1966; March 23, 1966; June 7, 1966; September 1, 1966; November 8, 1966, and January 12, 1967.

attorney requested again the continuance on account of the alleged absence of the material witness. Appellant opposed the continuance and insisted in the dismissal of the information. The court set the hearing of the case again for the next December 21st. Once more the prosecuting attorney requested the continuance of the hearing because he had not been able to find the witness. Appellant insisted in his motion to dismiss.

Finally the prosecuting attorney went to trial on March 20, 1968, without the appearance of the allegedly material witness. In said hearing he merely limited himself to inform the court that he was ready to hear the case without making the least reference to the absence of said witness. As it was expected, appellant persisted in his motion to dismiss.

The record indicates that for almost 14 months the prosecuting attorney obtained successive continuances under the allegation that he could not come to trial without said witness, whose testimony could not be substituted by any of those which appeared in the information, and whose absence "acquires characteristics of greater transcendency, which put in jeopardy the safety of the justice of the people." However, 14 months later, he came to trial without the least remark about the absence of said witness.

Actually, there does not appear from the record one sole allegation of fact which indicates the material character of the absent witness. The motion to postpone of April 27, 1968, merely alleged generalities and mere conclusions, such as:

". . . when the undersigned Special Prosecuting Attorney performed, with the cooperation of the Heads of said penal institution, the investigation in this case, the absent witness, Salvador Feliciano Vázquez, was used as an undercover agent, for the purpose of obtaining oral, documentary, and objective evidence which would place the people in condition to prosecute the persons liable for the criminal act which was being committed. It was the absent witness, Salvador Feliciano Vázquez, who acted as such. *He, and only he, is the only one who can*

*testify before the court about what he saw.* [!!!] *Said witness, and only he, is the one person in the entire universe who can identify a certain documentary evidence which he had in his hands during the course of the mission, which, as undercover agent, he was assigned within the limits of the State Penitentiary; and the absent witness, Salvador Feliciano Vázquez, he is the only one who can testify about facts of which he has personal knowledge and about which no other witness of the ones who appear in the information could testify nor any other person in the entire world.* This being so, the fact that the absent witness is actually essential and the materiality of his testimony are thus established." (Italics ours.)

The facts observed by the witness and about which he would testify at the trial are not set forth in said motion. Neither was there specified the documentary evidence which he would have to identify; nor was the sworn statement which usually the prosecuting attorney takes from the witnesses for the prosecution to establish thus the scope and importance of their testimony presented in court. The determination of materiality under these circumstances was not supported by the facts, since the same relied on mere generalities and conclusions. *Pennington* v. *District Court, supra; People* v. *Pérez, supra.*

■ The Solicitor General argues in his report that the condition of materiality is relative to the moment and to the circumstances, that other witnesses and other evidence may develop in such a manner so as to furnish what gave the witness the material character. That is correct. But the thing is that the prosecuting attorney never set forth before the trial court, nor does the Solicitor before this Court, the change in the circumstances, if any, or that other witness or evidence was developed by subsequent investigations which overcame the absence of the witness. The prosecuting attorney had the obligation to notify the trial court immediately of any change which there might be in the development of his case and which would alter the condition of materiality of the absent

witness in order that the court could set the case for trial in the shortest possible time. It should be remembered that the burden of that proof falls upon the prosecuting attorney and not upon defendant-appellant. Otherwise the constitutional guarantee to a speedy trial, considered as one of fundamental importance for the defendant, would be impaired. *Jiménez v. Superior Court, supra.*

On the other hand, the trial court had the obligation to consider carefully each petition for continuance and scrutinize the prosecuting attorney's arguments in a reasonable effort to give validity to the constitutional guarantee. The successive continuances of the trial relying on the same ground demanded from the trial court a more rigorous discharge of this obligation.

In summary, we conclude that just cause for the delay in the holding of the trial was not shown. It being so, appellant's right to a speedy trial was violated. It is proper, therefore, to set aside the order appealed from and order the dismissal of the information filed against appellant on June 20, 1965.

In view of the result of the case we need not consider appellant's other assignments.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.